No. 20-1199

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

---

JOHN TAYLOR, on behalf of himself and all other similarly situated

Plaintiff-Appellant,

vs.

MURPHY OIL, USA, Inc.

Defendant-Appellee

---

Appeal from the United States District Court
Eastern District of Missouri, No. 4:19-cv-1705-RWS

Hon. Rodney W. Sippel, United States District Judge

---

Brief of Appellee Murphy Oil, USA, Inc.

---

Christopher A. Smith
Matthew D. Knepper
Mohsen Pasha
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
Tel: (314)480-1500
Fax: (314)480-1505

*Attorneys for Appellee*
*Murphy Oil, USA, Inc.*

# Summary of the Case

John Taylor saw two different prices per gallon for the same type of gasoline at a Murphy Oil, USA, Inc. filling station: $2.33^9$ and $2.30^9$. Despite how $2.33^9$ is obviously higher than $2.30^9$, Taylor—an attorney employed by the Missouri Attorney General—claims he thought that $2.33^9$ was the "discounted price" and $2.30^9$ was the "full price." Based on that claim, Taylor filed a putative class action under the Missouri Merchandising Practices Act, alleging that Murphy Oil deceived consumers (1) because he could not tell "the real price" and (2) by charging a discounted price that is higher than the full price.

The district court granted summary judgment in favor of Murphy Oil, ruling that Taylor "ignores the plain meaning of the words on the price display" at the Murphy Oil pump. The district court then denied Taylor's Rule 12(f) motion to strike Murphy Oil's reply brief, citing two independent reasons: (1) Rule 12(f) applies only to pleadings, not briefs, and (2) Taylor did not refute the so-called "scandalous" points Murphy Oil raised in its reply that led to Taylor filing his motion to strike.

Taylor appeals both rulings. Oral argument is unnecessary, as this case presents no legal error or abuse of discretion.

i

# Corporate Disclosure Statement

Under Rule 26.1 of the Federal Rules of Appellate Procedure and Eighth Circuit Rule 26.1A, Murphy Oil, USA, Inc. states that its parent company is Murphy USA, Inc., and that Murphy USA, Inc. owns 10% or more of its stock.

Appellate Case: 20-1199    Page: 3    Date Filed: 04/17/2020 Entry ID: 4904146

# Table of Contents

Summary of the Case ............................................................................. i

Corporate Disclosure Statement ......................................................... ii

Table of Contents ................................................................................ iii

Table of Cases and Other Authorities ................................................ vi

Statement of Issues .............................................................................. 1

Statement of the Case .......................................................................... 2

I.    Purchasing gasoline at a Murphy Oil filling station ...................... 2

II.   Taylor's lawsuit ............................................................................. 7

III.  The summary judgment briefing ................................................... 8

IV.  The district court's decision ......................................................... 11

V.   Taylor's Rule 12(f) motion to strike Murphy Oil's reply .............. 12

Summary of Argument ........................................................................ 17

I.    The district court did not err in granting summary judgment
on Taylor's MMPA claim because as a matter of law, Murphy
Oil's pumps are not deceptive ...................................................... 17

II.   The district court did not abuse its discretion in denying
Taylor's Rule 12(f) motion to strike because Rule 12(f) cannot
be used to strike a reply brief and because Taylor did not
contest the so-called "scandalous" points in Murphy Oil's
reply ............................................................................................. 18

Appellate Case: 20-1199      Page: 4      Date Filed: 04/17/2020 Entry ID: 4904146

Argument ................................................................................. 20

I.  The district court did not err in granting summary judgment
    on Taylor's MMPA claim because as a matter of law, Murphy
    Oil's pumps are not deceptive ....................................... 20

    A.   Standard of review ............................................... 20

    B.   Governing law on MMPA claims ......................... 22

    C.   Through Murphy Oil's simple pump display and
         prominent signage, a reasonable consumer would
         easily understand the full price of 87-octane unleaded
         gasoline at the Murphy Oil filling station and whether
         he or she was obtaining a discount ....................... 23

         1.   Taylor ignores how Murphy Oil's statement of
              uncontroverted material facts affects this
              lawsuit's outcome because it reinforces how
              Murphy Oil's pumps are not deceptive ........... 30

              a.   By explaining the discount, the Walmart
                   sticker is material because it helps
                   reasonable consumers knows which price is
                   full and which is discount ..................... 31

              b.   The canopy signage is material because it
                   assists customers in determining the full
                   price.  Taylor's cropped photo does nothing
                   to alter that fact ................................... 32

              c.   Taylor misunderstands when charges are
                   incurred at Murphy Oil's filling station ........... 36

iv

2.    The district court did not weigh evidence, and instead, applied the settled rule that summary judgment can be denied only if there is evidence from which a reasonably jury could find for the non-moving party. No such evidence exists here ....... 37

3.    Taylor consistently misstates Murphy Oil's positions—positions that are easily verifiable in the record—before the district court .......................... 39

II.    The district court did not abuse its discretion in denying Taylor's Rule 12(f) motion to strike because Rule 12(f) does not apply to reply briefs and because Taylor did not contest the so-called "scandalous" points in Murphy Oil's reply .............. 41

Conclusion ............................................................................ 45

Certificate of Compliance ...................................................... 47

Certificate of Service ............................................................. 48

Appellate Case: 20-1199    Page: 6    Date Filed: 04/17/2020    Entry ID: 4904146

# Table of Authorities

**Cases**                                                                                         **Page(s)**

*A. J. ex. rel. Dixon v. Tanksley*,
    94 F. Supp. 3d 1061 (E.D. Mo. 2015) ....................................... 1, 15, 42

*Alholm v. Am. Steamship Co.*,
    144 F.3d 1172 (8th Cir. 1998) ............................................................ 21

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ................................................................... 28, 31

*Anzaldua v. Ne. Ambulance & Fire Prot. District*,
    793 F.3d 822 (8th Cir. 2015) ............................................................ 21

*Bedford v. Doe*,
    880 F.3d 993 (8th Cir. 2018) ....................................................... 20, 21

*Bosley v. Cargill Meat Sols. Corp.*,
    705 F.3d 777 (8th Cir. 2013) ................................................... 1, 11, 32

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ......................................................................... 22

*Dahlgren v. First Nat. Bank of Holdrege*,
    533 F.3d 681 (8th Cir. 2008) ............................................................ 38

*Donathan v. Oakley Grain, Inc.*,
    861 F.3d 735 (8th Cir. 2017) ............................................................ 38

*Gibson v. American Greetings Corp.*,
    670 F.3d 844 (8th Cir. 2012) ....................................................... 28, 38

*Harrison v. Belk, Inc.*,
    748 F. App'x 936 (11th Cir. 2018) ................................................... 42

*Kelly v. Cape Cod Potato Chip Co.*,
    81 F. Supp. 3d 754 (W.D. Mo. 2015) ............................................... 25

Appellate Case: 20-1199    Page: 7    Date Filed: 04/17/2020 Entry ID: 4904146

*Lopez v. United States*,
    790 F.3d 867 (8th Cir. 2015) ........................................................ 44

*Magee v. Glacier Water Services, Inc.*,
    No. CV 16-4364, 2017 WL 396287 (E.D. La. Jan. 30, 2017) ........ 14, 44

*Murphy v. Stonewall Kitchen, LLC*,
    503 S.W.3d 308 (Mo. App. 2016) .................................................. 17, 25

*Roe v. St. Louis Univ.*,
    746 F.3d 874 (8th Cir. 2014) ........................................................ 31

*Sidney-Vinstein v. A.H. Robins Co.*,
    697 F.2d 880 (9th Cir. 1983) ........................................................ 42

*Silva v. Swift*,
    333 F.R.D. 245 (N.D. Fla. 2019)................................................... 42

*TCF Nat'l Bank v. Mkt. Intelligence, Inc.*,
    812 F.3d 701 (8th Cir. 2016) ................................................ 1, 31, 38

*Toben v. Bridgestone Retail Operations, LLC*,
    751 F.3d 888 (8th Cir. 2014) ...................................... 1, 22, 26, 27, 40

*Torgerson v. City of Rochester*,
    643 F.3d 1031 (8th Cir. 2011) (en banc) .................................... 20, 21,

*United States v. Perea-Rey*,
    680 F.3d 1179 (9th Cir. 2012) ................................................... 14, 44

*Webb v. Dr Pepper Snapple Grp., Inc.*,
    No. 4:17-00624-CV-RK, 2018 WL 1955422 (W.D. Mo. Apr. 25,
    2018) ......................................................................................... 24, 25

*Zhuang v. Datacard Corp.*,
    414 F.3d 849 (8th Cir. 2005) ........................................................ 41

## Statutory Authorities

Section 407.010, RSMo.......................................................................... 7, 8

Appellate Case: 20-1199    Page: 8    Date Filed: 04/17/2020 Entry ID: 4904146

Section 407.020, RSMo.................................................... 17, 22, 40

Section 407.145, RSMo....................................................23

**Rules and Regulations**

15 CSR § 60-9.020 ...........................................................23

Fed. R. App. P. 26.1 ..........................................................ii

Fed. R. Civ. P. 11(b)(3) ....................................................35

Fed. R. Civ. P. 12(f) ........................................ i, 1, 12, 15, 18, 41, 42, 45

**Treatises**

C. Wright & A. Miller, *Fed. Prac. & Proc.*, § 1380 (2019) ......................41

Appellate Case: 20-1199    Page: 9    Date Filed: 04/17/2020 Entry ID: 4904146

# Statement of Issues

I.  Murphy Oil's pump listed two different prices per gallon for 87-octane unleaded gasoline: $2.33$^9$ and $2.30$^9$. Murphy Oil's pump also had signage explaining how a consumer could obtain a three-cent-per-gallon discount, to pay $2.30$^9$ instead of $2.33$^9$. On summary judgment, did the district court err in ruling that a reasonable consumer would understand that $2.33$^9$ was the full price and $2.30$^9$ was the discounted price?

> *Toben v. Bridgestone Retail Operations, LLC*, 751 F.3d 888 (8th Cir. 2014)

> *Bosley v. Cargill Meat Solutions Corp.*, 705 F.3d 777 (8th Cir. 2013).

> *TCF Nat'l Bank v. Mkt. Intelligence, Inc.*, 812 F.3d 701, 707 (8th Cir. 2016)

II.  Did the district court abuse its discretion in denying Taylor's Rule 12(f) motion to strike's Murphy Oil's reply brief, when Rule 12(f) applies only to pleadings, not reply briefs?

> *A.J. ex rel. Dixon v. Tanksley*, 94 F. Supp. 3d 1061 (E.D. Mo. 2015)

1

# Statement of the Case

## I.  Purchasing gasoline at a Murphy Oil filling station.

This case is about whether a reasonable consumer would understand the price that Murphy Oil intended to charge for gasoline at Murphy Oil's filling station in Fredericktown, Missouri.  John Taylor alleges that when faced with two different prices per gallon for 87-octane unleaded gasoline—$2.33[9] and $2.30[9]—he thought that $2.33[9] was the discounted price and $2.30[9] was the full price.  App. 6, 95.[1]

Taylor makes that allegation despite how $2.33[9] is obviously a higher number than $2.30[9], and despite how a gasoline purchase follows a routine pattern across the country.  The customer approaches the pump, which shows different fuel types and prices.  The customer then selects his or her payment method and desired fuel type.  Once the customer makes those selections, the per-gallon price that will be charged appears on the pump, with all other prices disappearing.  If the customer wishes to continue the transaction, he or she squeezes the pump handle and is charged the per-gallon price.  The price is displayed

---

[1] "App." refers to "Appellant's Appendix," filed on March 20, 2020.

2

the entire time that gas is being pumped and is available on a receipt that the customer can print.

That same routine pattern occurs at Murphy Oil's Fredericktown filling station. Indeed, the station contains additional pricing displays beyond those on the pump. Large signs in unmistakable print on three sides of the station's canopy display the maximum price that a customer can pay for 87-octane unleaded gasoline. App. 52. Below is an example taken on July 22, 2019:



App. 43, 55-56.

3

After passing under the canopy, the potential customer sees electronic price displays on the fuel pump. App. 55. For example, Taylor's complaint includes the following photo of the price options he alleges to have seen:



App. 12. The top row of prices displayed the standard, full price-per-gallon for each fuel type. App. 52.

The bottom row displayed a *separate* discounted price-per-gallon for each fuel type. App. 52. That price is three cents less per-gallon than the standard, full price. App. 55. A customer is eligible for that

Appellate Case: 20-1199    Page: 13    Date Filed: 04/17/2020 Entry ID: 4904146

discounted price if he or she purchases the fuel with a Walmart gift card, as explained by this sticker that appears on the pump:



App. 45, 56.

Once the customer selects his or her desired fuel type and payment method—and before the customer incurs any charge—all price displays on the pump turn blank, *except* the exact price-per-gallon to be charged based on the selections made.  App. 53.  For example, Murphy Oil has edited the picture Taylor attached to his complaint to reflect how the pump's price displays would have appeared to him after he selected 87-octane fuel during a *standard* credit card transaction (as opposed to using a Walmart gift card):

Appellate Case: 20-1199    Page: 14    Date Filed: 04/17/2020 Entry ID: 4904146



App. 47.  If a customer elects to pay with a Walmart gift card, then all prices are blank except for the discount price of 3 cents less per-gallon.

No transaction occurs and nothing is charged until the customer places the pump nozzle into his or her vehicle and then squeezes the pump handle.  Only the selected price-per-gallon (either full or discounted) is displayed during the fueling process, along with a running summary showing the total gallons pumped and total charge

6

for the transaction as the charge is incurred. App. 53. Upon completing the transaction, the fuel pump prints a receipt, if requested. *Id.* The receipt shows the price-per-gallon and the total cost. *Id.*

So Murphy Oil displays the price-per-gallon multiple times before any transaction occurs (both on the canopy and at the pump), during the transaction, and again on the receipt printed after the transaction.

## II. Taylor's lawsuit.

Taylor has been an attorney for at least 17 years and currently works at the Missouri Attorney General's Office. App. 95. He alleges that he purchased gasoline from a Murphy Oil filling station in Fredericktown, Missouri. App. 6. According to Taylor, "Murphy Oil's pump for regular unleaded gasoline listed a 'Discounted Price' of $2.339 per gallon and a 'Price Per Gallon, All Taxes Included' of $2.309. The discounted price was higher than the full price" and "Murphy Oil actually charges the higher 'discounted' price for gasoline and diesel instead of the lower 'Price Per Gallon, All Taxes Included' price." *Id.*

Using those allegations, Taylor brought a putative class action under the Missouri Merchandising Practices Act (MMPA), section 407.010, RSMo, *et seq.* App. 6. The crux of the lawsuit is Taylor's belief

7

that Murphy Oil's "pump prices were misleading since a user could not tell what the real price was or would be and because the 'discounted' price was higher than the 'full' price." *Id.*

## III. The summary judgment briefing.

Murphy Oil moved for summary judgment, explaining that it did not engage in any deceptive practices because it "provided clear, simple, and straightforward disclosures to Taylor at every step of the transaction." App. 36. Murphy Oil reiterated the disclosures listed above—the canopy, the various pricing displays at the pump, the Walmart sticker, and the receipt—to argue that "no reasonable consumer would be 'deceived' in light of the numerous disclosures and confirmations of the price at each stage of the process." App. 38.

Murphy Oil then argued that "Taylor's theory that he paid more for fuel because he believed the ***discounted*** price was 'higher than the full price' . . . would require the Court to completely ignore the basic meaning of words in the English language," as "a discount price cannot be greater than the regular price." App. 38-39. Murphy Oil added that Taylor was not entitled to the three-cent discount because his receipt shows that he paid with a MasterCard, not a Walmart gift card:

8

```
SITE:              7230
TRACE:             1795
MerchMU29927434001
SALE
MasterCard
***********3592
Entry Method: S
Invoice#: 000609
Auth.#: 038077
CARD AMT: $ 14.19
APPROVED  038077


PUMP:                 2
PROD:            UNLEAD
PRICE/GAL:       $2.339
NET/GAL:         $2.339
QTY(GAL):         6.065
FUEL TOTAL:     $14.19

NET TOTAL:      $14.19

*********************
```

App. 11, 31.

In response to Murphy Oil's motion, Taylor admitted all but two of the facts contained in Murphy Oil's statement of uncontroverted material facts (which were supported by a sworn declaration). App. 55, 71-72. Taylor's admissions included:

- "Each fuel pump at Murphy Oil's Fredericktown, Missouri location has a dual price display, which shows the regular price and discount price for each type of fuel available."

- "No fuel can be dispensed until the fuel grade button is selected."

9

- "Once a fuel type is selected, all price displays on the fuel pump turn blank, except the price per gallon to be charged, based on the selected grade and payment option."

- "The price per gallon charged is the only price per gallon displayed on the pump while dispensing fuel."

- "In addition, a separate screen displays the gallons dispensed, and that total price, which is multiplying the price per gallon by the number of gallons dispensed."

- "The price per gallon and the total price are then available on a receipt that can be printed at the pump."

*Id.* Taylor's two denials were not actual denials. Taylor *tried* to deny these facts:

- "Three signs display the regular price per gallon for unleaded 87-octane gasoline on the canopy above the fuel pumps at Murphy Oil's Fredericktown, Missouri location."

- "A sticker on each fuel pump explains that a consumer paying with a Walmart gift card can save three cents per gallon."

App. 71. Taylor, however, did not present any evidence controverting those facts. Instead, he claimed that he did "not recall seeing any sign at Murphy's Gas Station stating that there was a discount on gasoline purchases for using a 'Walmart gift card'" and that from his vantage point, he "could not observe any signs that may have been attached to the sides of the canopy." *Id.*

10

As to the merits of his claim, Taylor conceded that he was presenting a "novel and amusing" theory. App. 74. He then repeated the points he raised in his complaint to contend that Murphy Oil "ignores what its gas pump states." App. 68. Finally, despite complaining in his appellate brief that Murphy Oil "moved for summary judgment before . . . Mr. Taylor could conduct discovery," Appellant's Br. at 6, Taylor chose not to seek a stay under Rule 56(d) to conduct discovery, and instead, filed his opposition.

## IV. The district court's decision.

The district court granted Murphy Oil's motion for summary judgment, ruling that "Murphy Oil's pricing display is not deceptive, misrepresentative, or unfair as a matter of law." App. 104-05. The district court first explained that "the contents of the signage and the pump display, as set forth by Murphy Oil, are not in dispute" because "Taylor's resistance to Murphy Oil's facts on the ground that he does not recall observing them 'does not itself create a question of material fact.'" App. 107, *quoting Bosley v. Cargill Meat Sols. Corp.*, 705 F.3d 777, 782 (8th Cir. 2013).

Appellate Case: 20-1199   Page: 20   Date Filed: 04/17/2020 Entry ID: 4904146

The district court noted that Taylor had a "mistaken interpretation of the price display on the pump" because he

> ignores the plain meaning of the words on the price display; "discounted price" refers to the discounted price. The words "price per gallon, all taxes included" inform the consumer that the displayed price—be it the higher full price or the lower discounted price—is the total price per gallon, including tax.

App. 109. The district court added that "Murphy Oil is not attempting to trick consumers into paying more while believing they are receiving a discount, because Murphy Oil's display is clear: consumers can pay the full price, or they can receive a three-cent-per-gallon discount with a Walmart gift card." App. 110. The district court concluded that "Taylor was not charged the 'higher discounted price,' he was simply charged the full price when he did not pay with a Walmart gift card." *Id.*

## V. Taylor's Rule 12(f) motion to strike Murphy Oil's reply.

Taylor moved to strike Murphy Oil's reply in further support of its motion for summary judgment. App. 94. Taylor's motion revolved around the following photograph that he submitted in his memorandum in opposition to Murphy Oil's motion:

Appellate Case: 20-1199    Page: 21    Date Filed: 04/17/2020 Entry ID: 4904146



App. 61.   In his memorandum in opposition, Taylor said that the photograph "does not show any signage for the price of gasoline." *Id.*

In its reply, Murphy Oil explained that "Taylor's photograph conveniently crops out the giant price display posted on the canopy." App. 86.   Murphy Oil then provided a full, non-cropped view of the canopy as it appeared in July 2019 that contains the price display:



13

App. 87. Murphy Oil also pointed to a 2015 image from Google Maps' Street View function[2] that also contains the price display:



*Id.* Murphy Oil argued that Taylor's cropped photograph "is the only 'deceptive' pricing in this case" because it is "a deceptive practice to crop a photo and submit it in support of a baseless claim that the price could not be ascertained by a reasonable consumer." App. 82, 88.

---

[2] *United States v. Perea-Rey*, 680 F.3d 1179, 1182 n.1 (9th Cir. 2012) ("We take judicial notice of a Google map and satellite image as a source whose accuracy cannot reasonably be questioned, at least for the purpose of determining the general location of the home.") (citation and internal quotation marks omitted); *Magee v. Glacier Water Servs., Inc.*, No. CV 16-4364, 2017 WL 396287, at *3 n.29 (E.D. La. Jan. 30, 2017) (citing *Perea-Rey* to "take[] judicial notice of the Google Street View photograph showing the location of the refill station.").

Appellate Case: 20-1199     Page: 23     Date Filed: 04/17/2020 Entry ID: 4904146

Taylor took personal offense to Murphy Oil's argument, invoking Rule 12(f) of the Federal Rules of Civil Procedure to try to strike the so-called "impertinent or scandalous material" in Murphy Oil's reply. App. 95. He claimed that "a man's reputation [was] at stake" and that Murphy Oil was forced to "react[] with slander and venom" because it supposedly realized that its "motion and case were doomed." *Id.*

Murphy Oil responded by explaining that although Taylor "was offended by Murphy Oil's description of the partial image in the photograph, he notably offer[ed] no justification for filing it, nor d[id] he explain why the photograph is not misleading." App. 99. Murphy Oil also explained that Rule 12(f) cannot be used to strike a reply brief. *Id.*, *citing A.J. ex. rel. Dixon v. Tanksley*, 94 F. Supp. 3d 1061, 1066 n.5 (E.D. Mo. 2015) ("[A] motion to strike is properly directed only to material contained in pleadings. Orders, motions, briefs, memoranda, objections or affidavits may not be attacked by a motion to strike.").

The district court denied the motion to strike because "Taylor may not move to strike a reply brief under Fed. R. Civ. P. 12(f)." App. 111. The district court also noted that "[e]ven assuming there was some legal ground on which to strike Murphy Oil's reply, [the district court] would

15

decline to strike it" because Taylor "never actually contradicted Murphy Oil's contentions that the canopy correctly displayed the full price the day Taylor purchased the gasoline." *Id.*

Taylor appeals the district court's grant of summary judgment and the district court's denial of his motion to strike.

Appellate Case: 20-1199    Page: 25    Date Filed: 04/17/2020 Entry ID: 4904146

# Summary of Argument

## I. The district court did not err in granting summary judgment on Taylor's MMPA claim because as a matter of law, Murphy Oil's pumps are not deceptive.

To overturn the district court's grant of summary judgment on his MMPA claim, Taylor must show that there is a genuine dispute of material fact as to whether Murphy Oil engaged in "deception" connected "with the sale or advertisement of any merchandise in trade or commerce." § 407.020, RSMo. Taylor has not done so.

When faced with two different prices per gallon for the same type of gasoline—$2.33[9] and $2.30[9], with the words "Discounted Price" centrally located between them—Taylor claims that (1) he thought that $2.33[9] was the discounted price and $2.30[9] was the full price, and (2) Murphy Oil is deceiving consumers by forcing them to pay a discounted price that is three cents higher than the full price.

But whether a practice is deceptive under the MMPA is assessed from a reasonable consumer's perspective. *Murphy v. Stonewall Kitchen, LLC*, 503 S.W.3d 308, 312 (Mo. App. 2016). Here, no reasonable consumer would believe that the words "Discounted Price" between the two prices refers to the higher price. Indeed, the

17

undisputed evidence shows that Murphy Oil's pump uses simple language that is easy for reasonable consumers to understand. The undisputed evidence also shows that Murphy Oil has easy-to-understand price signage, including one explaining how consumers can obtain a three-cent-per-gallon discount by using a Walmart gift card, resulting in a $2.30$^9$ price instead of $2.33$^9$.

Taylor did not use a Walmart gift card. And he has not presented any evidence on which a jury could reasonably find for him. Thus, the district court did not err because as a matter of law, Murphy Oil's pump is not deceptive.

## II. The district court did not abuse its discretion in denying Taylor's Rule 12(f) motion to strike because Rule 12(f) cannot be used to strike a reply brief and because Taylor did not contest the so-called "scandalous" points in Murphy Oil's reply.

Murphy Oil's reply brief below explained that Taylor was misrepresenting the appearance of the Murphy Oil filling station at issue by claiming that a cropped photo omitting one quarter of the station was the entire station. That explanation offended Taylor, causing him to move to strike Murphy Oil's reply under Rule 12(f). But Rule 12(f) cannot be used to strike a reply brief. And even if it could,

18

Taylor did nothing to justify filing the cropped photo or explain how the photo was accurate. Thus, the district court did not abuse its discretion in denying Taylor's motion to strike.

Appellate Case: 20-1199   Page: 28   Date Filed: 04/17/2020 Entry ID: 4904146

# Argument

## I. The district court did not err in granting summary judgment on Taylor's MMPA claim because as a matter of law, Murphy Oil's pumps are not deceptive.

Taylor ignores how a reasonable consumer at Murphy Oil's filling station at issue would (1) understand the plain meaning of the phrase "Discounted Price," (2) recognize the prominent, clear displays establishing the full price of gasoline and how to obtain the "Discounted Price," and (3) use common sense.

### A. Standard of review.

"This court reviews de novo a grant of summary judgment." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042-43 (8th Cir. 2011) (en banc). "The movant bears the initial responsibility of informing the district court of the basis for its motion and must identify the portions of the record that it believes demonstrate the absence of a genuine dispute of material fact." *Bedford v. Doe*, 880 F.3d 993, 996-997 (8th Cir. 2018), *citing Torgerson*, 643 F.3d at 1042.

"The moving party can satisfy its burden in either of two ways: it can produce evidence negating an essential element of the nonmoving party's case, or it can show that the nonmoving party does not have

20

enough evidence of an essential element of its claim to carry its ultimate burden of persuasion at trial." *Id.* "In other words, if the nonmoving party must prove *X* to prevail, the moving party at summary judgment can either produce evidence that *X* is not so or point out that the nonmoving party lacks the evidence to prove *X*." *Id.*

"Once the moving party satisfies this initial burden, the nonmoving party 'must respond by submitting evidentiary materials' of specific facts showing the presence of a genuine issue for trial." *Id.*, *quoting Torgerson*, 643 F.3d at 1042. "The nonmoving party must do more than raise some metaphysical doubt about the material facts, and cannot rest on mere denials or allegations." *Id.* (internal citation omitted). "The nonmoving party must instead present enough evidence that a jury could reasonably find in his favor." *Id.*

"Rule 56 does not require trial courts to allow parties to conduct discovery before entering summary judgment." *Anzaldua v. Ne. Ambulance & Fire Prot. Dist.*, 793 F.3d 822, 836 (8th Cir. 2015) (internal quotation omitted). Instead, "[a] defendant may move for summary judgment at any time[.]." *Alholm v. Am. Steamship Co.*, 144 F.3d 1172, 1177 (8th Cir. 1998) (internal quotation omitted). This

Appellate Case: 20-1199    Page: 30    Date Filed: 04/17/2020 Entry ID: 4904146

principle ensures that summary judgment is not a "disfavored procedural shortcut," but rather that it serves to "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

## B.  Governing law on MMPA claims.

To establish an MMPA violation, "a plaintiff must show that she (1) leased or purchased a product or service from defendant; (2) primarily for personal, family, or household purposes; and (3) suffered an ascertainable loss of money or property; (4) as a result of an act declared unlawful by § 407.020 RSMo." *Toben v. Bridgestone Retail Operations, LLC*, 751 F.3d 888, 897 (8th Cir. 2014) (citation omitted).

At a minimum, Taylor has not established a genuine dispute of material fact on the fourth element.[3] Section 407.020 declares unlawful "any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any

---

[3] Taylor claims that Murphy Oil did not contest the first three elements. Appellant's Br. at 18.  But Murphy Oil noted below that Taylor did not plead element 2 and that Murphy Oil was not conceding that element. App. 9.  Murphy Oil, however, explained that the district court could grant summary judgment solely on element 4.  *Id.*

Appellate Case: 20-1199     Page: 31     Date Filed: 04/17/2020 Entry ID: 4904146

merchandise in trade or commerce" in or from Missouri. The MMPA does not define those terms.

But section 407.145 gives the Missouri Attorney General the authority to promulgate rules that are "necessary to the administration and enforcement" of the MMPA. The Attorney General has defined "deception" as "any method, act, use, practice, advertisement or solicitation that has the tendency or capacity to mislead, deceive or cheat, or that tends to create a false impression." 15 CSR § 60-9.020.

## C. Through Murphy Oil's simple pump display and prominent signage, a reasonable consumer would easily understand the full price of 87-octane unleaded gasoline at the Murphy Oil filling station and whether he or she was obtaining a discount.

Taylor believes that the gasoline prices shown at the Murphy Oil pump he used were deceptive. Disregarding common sense, Taylor points to this image to argue that $2.33[9] was the discounted price and $2.30[9] was the full price:

23



Appellant's Br. at 13. According to Taylor, that image is "direct, compelling, and simple evidence" that Murphy Oil is deceiving consumers by forcing them to pay a discounted price that is three cents higher than the full price. *Id.* at 13-14. Not so.

The overarching flaw in Taylor's analysis is his unwavering commitment to his subjective reading of the pump's price display. But "[w]hether the conduct alleged is deceptive under the MMPA is to be analyzed under the 'reasonable consumer' standard." *Webb v. Dr Pepper Snapple Grp., Inc.*, No. 4:17-00624-CV-RK, 2018 WL 1955422, at

24

*3 (W.D. Mo. Apr. 25, 2018), *citing Murphy v. Stonewall Kitchen, LLC*, 503 S.W.3d 308, 312 (Mo. App. 2016); *see also Kelly v. Cape Cod Potato Chip Co.*, 81 F. Supp. 3d 754, 761 (W.D. Mo. 2015) ("where a Court can conclude as a matter of law that members of the public are not likely to be deceived by the product packaging, dismissal is appropriate.").

Here, a reasonable consumer would—quite easily—understand the full price of 87-octane unleaded gasoline at the Fredericktown filling station and whether he or she was obtaining a discount. As the district court aptly noted, "'discounted price' refers to the discounted price," meaning the lower price—$2.30[9], *not* $2.33[9]. App. 109. Then the "words 'price per gallon, all taxes included' inform the consumer that the displayed price—be it the higher full price or the lower discounted price—is the total price per gallon, including tax." *Id.* And then the pump has a sticker explaining that consumers "can receive a three-cent-per-gallon discount with a Walmart gift card"—



Appellate Case: 20-1199   Page: 34   Date Filed: 04/17/2020 Entry ID: 4904146

*Id.* at 110; App. 45, 56.

Simply put, no reasonable consumer would believe that the word "discounted" between the two prices refers to the higher price, especially given the undisputed Walmart sticker. Indeed, this case is like *Toben v. Bridgestone Retail Operations, LLC*, 751 F.3d 888 (8th Cir. 2014). There, the plaintiff brought a putative class action under the MMPA over a retailer's "shop supplies fee" listed on the plaintiff's receipt. That fee was designed to cover the retailer's costs, as explained "on in-store menu boards and placards" reading:

> TO OUR CUSTOMERS
>
> A variety of shop supplies are consumed in servicing our customer's vehicles. Parts and labor necessary for servicing customer's vehicles are itemized on estimates and invoices. However, shop supplies (such as protective items for your vehicle, solvents, cleaners, rags, etc.) do not lend themselves to precise itemization. Therefore, on invoices greater than $30, an additional charge of 6% of the total labor amount, not to exceed $25 will be added to your invoice. This charge represents costs and profits. Non-mandated disposal or recycling charges may also represent costs and profits.

*Toben*, 751 F.3d at 890. The plaintiff argued that the name "shop supplies fee" was deceptive, alleging that "*no part* of the fee covers costs; it is purely profit" and "the shop supply fee is wholly unrelated to any supplies or services [the retailer] provides." *Id.* at 895, 897. This

26

Court disagreed, explaining that "the undisputed evidence shows that the fee covers costs for a variety of shop supplies. The fee, therefore, is not an unfair or deceptive practice under the MMPA." *Id.* at 897.

Like the in-store menu boards and placards in *Toben*, the undisputed evidence here shows that (1) Murphy Oil's pump uses plain, simple language that is easy for reasonable consumers to understand, and (2) Murphy Oil has multiple price disclosures that are also easy for reasonable consumers to understand, including signage explaining how consumers can obtain a three-cent-per-gallon discount by using a Walmart gift card. So as a matter of law, Murphy Oil's pump is not deceptive, meaning Murphy Oil has not violated the MMPA.

Taylor disagrees. But he presented no evidence to support his disagreement. And on appeal, he does not address the district court's unassailable reading of the pump, and instead, mindlessly regurgitates his core mantra: "Murphy Oil's gas pump, as Mr. Taylor pled, and as shown in the picture above, charges more than Full Price and, in fact, charges the higher 'Discounted Price.'" Appellant's Br. at 18. Taylor argues—presumably with a straight face—that only a "sophisticated

Appellate Case: 20-1199    Page: 36    Date Filed: 04/17/2020 Entry ID: 4904146

customer might be able to figure out . . . using a calculator" that $2.33$^9$
is three cents higher than $2.30$^9$. *Id.* at 23.

But just because Taylor ignores common sense to render his
subjective reading of the pump does not mean that a reasonable
consumer would make the same mistake. Indeed, to survive summary
judgment, the "mere existence of a scintilla of evidence in support of the
plaintiff's position will be insufficient" because "there must be evidence
on which the jury could reasonably find for the plaintiff." *Gibson v.
American Greetings Corp.*, 670 F.3d 844, 853 (8th Cir. 2012), *quoting
Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Taylor has less than a scintilla of evidence to support his position.
By reading the plain and simple terms on the pump in conjunction with
the price display, any reasonable consumer (and reasonable jury) would
know that $2.33$^9$ was the full price and $2.30$^9$ was the discounted price.
This Court can affirm on that basis alone. But as an additional basis,
Taylor's position becomes even more untenable when considering the
Walmart sticker, which explains how a customer can receive a three-
cent discount, among other things.

28

That is all part of how Murphy Oil uses multiple methods to explain to consumers the price that it intends to charge. The full price is listed on three of the four sides of the filling station's canopy. App. 52. The full price is also listed on the pump in multiple stages:

1.  When the customer arrives at the pump, all prices are listed in a simple manner, along with a sign explaining that the customer can receive a discount by paying with a Walmart gift card. App. 52-53.

2.  Once the customer selects the desired fuel type and payment method—and before the customer incurs any charge—all price displays on the pump turn blank, *except* the exact price-per-gallon to be charged based on the selections made. *Id.*

3.  The price appears during the transaction, along with a running tally, and on the receipt printed after the transaction. *Id.*

Taylor admitted all of those points. App. 71-72.

When faced with those simple price disclosures, any reasonable consumer would understand (1) which price was the full price for 87-octane unleaded gasoline, and (2) that the discounted price is not higher than the full price. To that end, the district court explained:

> Murphy Oil is not attempting to trick consumers into paying more while believing they are receiving a discount, because Murphy Oil's display is clear: consumers can pay the full price, or they can receive a three-cent-per-gallon discount with a Walmart gift card. . . . Murphy Oil consistently made clear what price Taylor would pay before Taylor began to pump gasoline during the visit in question, displayed the full

29

and discounted price before Taylor inserted his payment method, and informed Taylor—whether he saw the signage or not—how to obtain the discounted price. Taylor was not charged the "higher discounted price," he was simply charged the full price when he did not pay with a Walmart gift card.

App. 110. Yet again, Taylor does not address the district court's sound analysis, and instead, continues to mindlessly regurgitate the same baseless points that the district court rejected. For example:

### 1. Taylor ignores how Murphy Oil's statement of uncontroverted material facts affects this lawsuit's outcome because it reinforces how Murphy Oil's pumps are not deceptive.

Taylor contends that "Murphy Oil did an evidence dump and failed to identify, in its motion for summary judgment, what *material* fact was allegedly undisputed." Appellant's Br. at 17. He claims that Murphy Oil "listed its evidence in an attempt to ameliorate the harm from the false price set forth on its gas pumps." *Id.* at 22. First, Murphy Oil does not have false prices on its pumps, as explained above.

Second, Taylor raises these arguments because he needs a way to avoid the impact of how (a) he admitted all but two of the facts in Murphy Oil's statement of uncontroverted material facts, and (b) the two facts that he did not admit were deemed admitted by the district

30

court because he did not present evidence controverting them, see *Roe v. St. Louis Univ.*, 746 F.3d 874, 881 (8th Cir. 2014) ("If no objections have been raised in the manner required by the local rules, a district court will not abuse its discretion by admitting the movant's facts.").

"A fact is 'material' if it may affect the outcome of the lawsuit." *TCF Nat'l Bank v. Mkt. Intelligence, Inc.*, 812 F.3d 701, 707 (8th Cir. 2016), *quoting Anderson*, 477 U.S. at 248. Here, each fact in Murphy Oil's statement of uncontroverted material facts affects this lawsuit's outcome because they bolster how Murphy Oil's pumps are not deceptive to reasonable consumers.

### a. By explaining the discount, the Walmart sticker is material because it helps reasonable consumers knows which price is full and which is discount.

Taylor first complains about Murphy Oil's fact reading: "A sticker on each fuel pump explains that a consumer paying with a Walmart gift card can save three cents per gallon." App. 52. His sole argument contesting this fact's materiality is that "[h]e did not see any . . . signage for the Walmart three-cent discount." Appellant's Br. at 20.

But "[a]n assertion that a party does not recall an event does not itself create a question of material fact about whether the event did, in

31

fact, occur." *Bosley v. Cargill Meat Sols. Corp.*, 705 F.3d 777, 782 (8th Cir. 2013). Thus, the Walmart sticker's placement on the pump is uncontroverted. And its materiality is undeniable.

The Walmart sticker provides further support for the pump's non-deceptive nature—thus affecting the outcome of this lawsuit—because the sticker explains how to obtain a discount, in addition to explaining how a discount price exists and its amount (both of which are already evident from the pump display itself). In other words, the sticker provides further information to a reasonable consumer (beyond the easy-to-understand pump display) ensuring that consumers knows which price is full and which is discount.

> **b.** **The canopy signage is material because it assists customers in determining the full price. Taylor's cropped photo does nothing to alter that fact.**

Taylor next grumbles overs Murphy Oil's fact reading: "Three signs display the regular price per gallon for unleaded 87-octane gasoline on the canopy above the fuel pumps at Murphy Oil's Fredericktown, Missouri location." App. 52. Taylor believes that Murphy Oil's signage (which he proclaims is mere advertisement) is

32

irrelevant because "[t]he gas pumps are the ultimate determiner of what someone pays." Appellant's Br. at 19-20.

Taylor misses the point. The point is that if—for some bizarre reason—a reasonable customer cannot figure out through the price display that $2.33$^9$ is the full price and is more than $2.30$^9$, then that customer has other indicators at the filling station to conclusively show which is the full price and which is the discounted price.

In addition to missing the point, Taylor ruins his credibility by invoking the cropped photo he raised at the district court:



Taylor uses this photo to contend: "Murphy Oil's signage argument is practically undercut by the picture of its gas pumps . . . . This photo taken by John Taylor shows none of the signs touted by Murphy Oil." Appellant's Br. at 20-21.

Appellate Case: 20-1199    Page: 42    Date Filed: 04/17/2020 Entry ID: 4904146

By now, Taylor and his counsel must know that the photo "shows none of the signs touted by Murphy Oil" because the photo *does not depict* the entire filling station. As Murphy Oil explained at the district court, here is what the filling station *actually looks like* from the same side presented in Taylor's cropped photo:



App. 87. The station has had the same structure since at least 2015:



34

*Id.* As the district court noted, Taylor did not "submit[] any evidence of the canopy other than the incomplete photo that, at best, is a result of poor photography or an incomplete view of the canopy." App. 111.

When they boldly invoke the cropped photo as a basis for reversal, Taylor—a licensed attorney employed by the Missouri Attorney General—and his counsel act like the district court proceedings on this issue never happened, despite their obligations under Rule 11 regarding factual representations:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b)(3).

Murphy Oil assumes that Taylor still touts his cropped photo to try to create a dispute as to Murphy Oil's fact that reads: "Three signs display the regular price per gallon for unleaded 87-octane gasoline on the canopy above the fuel pumps at Murphy Oil's Fredericktown, Missouri location." App. 52. Even if this Court credits Taylor's cropped

35

photo over Murphy Oil's full photos, Taylor overlooks how Murphy Oil's
fact refers to *multiple* canopy signs, like this one:



App. 43, 55-56.  Taylor has done nothing to contest that sign's existence,
and even without the sign, he has admitted that the price appeared in
multiple other locations at the station.  App. 71-72.

### c.  Taylor misunderstands when charges are incurred at Murphy Oil's filling station.

Taylor also groans about Murphy Oil's fact reading:  "Once a fuel
type is selected, all price displays on the fuel pump turn blank, except
the price per gallon to be charged, based on the selected grade and

Appellate Case: 20-1199     Page: 45     Date Filed: 04/17/2020 Entry ID: 4904146

payment option." App. 53. Taylor claims that this fact is irrelevant because "[t]elling someone the truth or telling someone that they have been misled after they commit to buying is not a fair way to do business and goes against the purpose of the MMPA." Appellant's Br. at 21.

This fact, however, addresses an argument Taylor raised below but has seemingly abandoned on appeal: that Murphy Oil's "pump prices were misleading since a user could not tell what the real price was or would be[.]" App. 6. Taylor forgets that no charges are incurred until *after* the consumer places the nozzle into the vehicle and squeezes the pump handle into place. The display prices turning blank is another pre-charge method available to reasonable consumers (beyond the easy-to-understand pump display) to determine "the real price."

> **2. The district court did not weigh evidence, and instead, applied the settled rule that summary judgment can be denied only if there is evidence from which a reasonably jury could find for the non-moving party. No such evidence exists here.**

Taylor believes that Murphy Oil—through a so-called "evidence dump"—"led the district court into error" because the district court "apparently weighed the evidence." Appellant's Br. at 10, 27. The

37

district court did not weigh evidence. Taylor misunderstands the legal standard district courts apply at summary judgment.

As the non-moving party, Taylor "must demonstrate the existence of specific facts . . . supported by sufficient probative evidence [that] would permit a finding in [his] favor on more than mere speculation, conjecture, or fantasy." *Donathan v. Oakley Grain, Inc.*, 861 F.3d 735, 739 (8th Cir. 2017) (citation and internal quotation marks omitted). To that end, "there must be evidence on which the jury could reasonably find for the plaintiff." *Gibson*, 670 F.3d at 853.

And "[w]here the evidence leaves no room for a reasonable difference of opinion . . . the court may properly resolve fact issues as a matter of law." *TCF Nat. Bank*, 812 F.3d at 708; *see also Dahlgren v. First Nat. Bank of Holdrege*, 533 F.3d 681, 697 (8th Cir. 2008) ("Although the relevant time period will often be a question of fact for the jury, no reasonable jury could find that Sterr's statement in mid-1999 was intended to influence or could be expected to influence the Granstra plaintiffs' cattle purchases in late 2000.").

In response to Murphy Oil's motion, Taylor presented pure fantasy. The district court did not weigh evidence, and instead,

38

determined that there was *no evidence* from which a jury could reasonably find in Taylor's favor, because (1) on its face, the Murphy Oil pump is clear and easy to understand, and (2) all of Murphy Oil's facts were admitted or deemed admitted. App. 108-110.

### 3. Taylor consistently misstates Murphy Oil's positions—positions that are easily verifiable in the record—before the district court.

Six times in his brief, Taylor asserts that at the district court, Murphy Oil did not "contest that its gas pump misleadingly listed a 'Full Price' and actually charged a higher 'Discounted Price' for gasoline." Appellant's Br. at 17; *see also id.* at 16, 18-19, 24. At the very best, Taylor misremembers Murphy Oil's briefing below.

The first page of Murphy Oil's memorandum in support said: "Because the undisputed facts show that no reasonable consumer would be deceived by the gas pump price displays and accompanying signage, Murphy Oil now asks the Court to grant summary judgment in its favor on Taylor's claim." App. 26. Murphy Oil also had a section addressing "Taylor's theory that he paid more for fuel because he believed the ***discounted*** price was 'higher than the full price,'" explaining that Taylor's argument required the district court "to completely ignore the

39

basic meaning of words in the English language." App. 13-14. Murphy Oil explained that "[n]o reasonable consumer would conclude that the word 'discount' between two prices refers to the higher price" and that "[t]he price displays are not deceptive as a matter of law." App. 14.

In the same vain, Taylor asserts that below, "Murphy Oil did not even identify what element of Mr. Taylor's MMPA civil claim was the undisputed material fact." Appellant's Br. at 22-23. Wrong again. Murphy Oil unmistakably explained that it was attacking element four: "as a result of an act declared unlawful by § 407.020 RSMo," *Toben*, 751 F.3d at 897. App. 35-36, 83.

Murphy Oil does not know why Taylor would repeatedly raise assertions that are so easily refuted through a quick peek at the record. But in the end, it does not matter what Taylor's intentions are because this Court should overlook his bogus assertions as to the arguments Murphy Oil raised below.

## *Conclusion on Appeal of Grant of Summary Judgment*

A reasonable consumer would easily understand that \$2.33[9] was the full price and was \$2.30[9] the discounted price, especially given Murphy Oil's easy-to-understand price display and price signage. Thus,

40

the district court did not err because as a matter of law, Murphy Oil's pump is not deceptive and Murphy Oil has not violated the MMPA.

## II. The district court did not abuse its discretion in denying Taylor's Rule 12(f) motion to strike because Rule 12(f) does not apply to reply briefs and because Taylor did not contest the so-called "scandalous" points in Murphy Oil's reply.

This Court reviews a "district court's denial of a motion to strike for abuse of discretion." *Zhuang v. Datacard Corp.*, 414 F.3d 849, 857 (8th Cir. 2005). Like his arguments regarding Murphy Oil's motion for summary judgment, Taylor does not address the district court's straightforward rationale explaining why it denied Taylor's Rule 12(f) motion to strike Murphy Oil's reply. By its plain terms, Rule 12(f) applies only to pleadings:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f). As the district court explained, a reply brief is not a pleading. App. 111, *citing* 5C C. Wright & A. Miller, *Fed. Prac. & Proc.* § 1380 (2019) ("Rule 12(f) motions only may be directed towards

41

pleadings as defined by Rule 7(a); thus motions, affidavits, briefs, and other documents outside of the pleadings are not subject to Rule 12(f).").

Courts across the country have come to the same conclusion. *Harrison v. Belk, Inc.*, 748 F. App'x 936, 940 (11th Cir. 2018) ("a motion for summary judgment is no 'pleading' and, thus, may not be attacked by a motion to strike under Fed. R. Civ. P. 12(f)."); *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) (ruling that a Rule 12(f) motion cannot be used to strike a motion for reconsideration); *Silva v. Swift*, 333 F.R.D. 245, 248 (N.D. Fla. 2019) ("Plaintiff's motion to strike asks this court to strike two motions, not pleadings. Rule 12(f) does not authorize such relief."); *A.J. ex. rel. Dixon v. Tanksley*, 94 F. Supp. 3d 1061, 1066 n.5 (E.D. Mo. 2015) ("[A] motion to strike is properly directed only to material contained in pleadings. Orders, motions, briefs, memoranda, objections or affidavits may not be attacked by a motion to strike.").

Thus, Taylor did not have a procedural basis to strike Murphy Oil's reply. This Court can affirm on this basis alone.

This Court can also affirm on the district court's alternative rationale, which Taylor yet again fails to engage. Taylor's

42

memorandum in opposition to Murphy Oil's summary judgment motion claimed that a cropped photo omitting one quarter of Murphy Oil's station was the *entire station*. App. 61. Rightfully so, Murphy Oil's reply explained that Taylor was misrepresenting the filling station's appearance, and presented two photos—one from 2019 and one from 2015—showing what the filling station actually looks like. App. 87.

Offended, Taylor moved to strike Murphy Oil's reply and turned to hyperbole, throwing around words and phrases like "slander and venom," "doomed," "false charges," "desperation or despair," and "a man's reputation is at stake." App. 94-95. Despite the hyperbole, the motion did nothing to justify filing the cropped photo or explain how the photo was accurate. Thus, the district court denied the motion to strike:

> It may be true that Taylor's presentation of the incomplete photograph of the Murphy Oil canopy was not obviously a result of Taylor's intent to deceive the Court. However, he has never actually contradicted Murphy Oil's contentions that the canopy correctly displayed the full price the day Taylor purchased the gasoline. He also has not submitted any evidence of the canopy other than the incomplete photo that, at best, is a result of poor photography or an incomplete view of the canopy.

App. 111.

43

On appeal, Taylor does not address the district court's rationale. Instead, he argues that the district court abused its discretion because Murphy Oil's reply "cites to and relies upon unauthenticated evidence consisting of Google Photos taken during daylight and one about four years old." Appellant's Br. at 29. But at a minimum, courts can take judicial notice of photos from Google Maps' Street View function. *See Perea-Rey*, 680 F.3d at 1182 n.1 ("We take judicial notice of a Google map and satellite image as a source whose accuracy cannot reasonably be questioned, at least for the purpose of determining the general location of the home.") (citation and internal quotation marks omitted); *Magee*, 2017 WL 396287, at *3 n.29 (citing *Perea-Rey* to "take[] judicial notice of the Google Street View photograph showing the location of the refill station.").

And even without judicial notice (and even if Taylor had a procedural basis to strike a reply brief), unauthenticated photos simply do not constitute "redundant, immaterial, impertinent, or scandalous matter[s]" sufficient to conclude that the district court abused its discretion. *See Lopez v. United States*, 790 F.3d 867, 871 (8th Cir. 2015) ("An abuse of discretion will only be found if the district court's

44

judgment was based on clearly erroneous factual findings or erroneous legal conclusions."). Thus, this Court should affirm the district court's denial of Taylor's motion to strike.

Finally, even if the district court did abuse its discretion, striking Murphy Oil's reply brief has no practical impact on the merits of Taylor's MMPA claim. The arguments raised in Murphy Oil's memorandum in support—along with Taylor admitting each fact in Murphy Oil's statement of uncontroverted material facts—conclusively show that Murphy Oil has not violated the MMPA. Indeed, the district court explained that "Murphy Oil is entitled to summary judgment regardless of [the court's] ability to consider Murphy Oil's canopy photographs." App. 112. Thus, Taylor's arguments are immaterial.

## Conclusion

Based on the arguments raised above, Murphy Oil respectfully requests that this Court affirm (1) the district court's decision to grant Murphy Oil's motion for summary judgment, and (2) the district court's decision to deny Taylor's Rule 12(f) motion to strike.

45

Respectfully submitted,

HUSCH BLACKWELL LLP

*/s/ Christopher A. Smith*
Christopher A. Smith
Matthew D. Knepper
Mohsen Pasha
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Phone: (314) 480-1500
Fax: (314) 480-1515

*Attorneys for Appellee*
*Murphy Oil, USA, Inc.*

46

# Certificate of Compliance

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 7,639 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point Century Schoolbook font.

3.  This brief complies with the requirements of 8th Cir. R. 28(A)(h) because this brief has been generated as a PDF from the original word processing file, the text of the electronic version of the brief may be searched and copied, and this brief and addendum have been scanned for viruses that confirmed the brief is virus-free.


*/s/Christopher A. Smith*
*Attorneys for Appellee*
*Murphy Oil, USA, Inc.*

47

## Certificate of Service

I hereby certify that on April 17, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Christopher A. Smith
*Attorneys for Appellee*
*Murphy Oil, USA, Inc.*

48